LEON GREENBERG, ESQ.
A Professional Corporation
Nevada Bar No.: 8094
2965 South Jones Boulevard - Suite E-4
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

------------------------------x
| | |
|---|---|
| GARETH PITTS, Individually and on behalf of others similarly situated, | **Case No.: 09-CV-0940-RCJ-RJJ** |
| Plaintiffs, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| TERRIBLE HERBST, INC. | |
| Defendants. | |

**CLASS ACTION COMPLAINT FOR VIOLATION
OF STATE STATUTES AND BREACH OF CONTRACT**

COMES NOW Plaintiffs, GARETH PITTS, Individually and on behalf of others similarly situated, by and through his attorney, Leon Greenberg Professional Corporation, as and for a Complaint for Violation of State Statutes and Breach of Contract and Damages and Equitable Relief alleges as follows:

PARTIES AND PRELIMINARY STATEMENT

1. The plaintiff is a resident of Clark County, Nevada, and current employee of the defendant.

2. The defendant TERRIBLE HERBST, INC. is a corporation

1

existing and established pursuant to the laws of the State of Nevada with its principal place of business in the County of Clark, State of Nevada.

3. This case was originally filed in the Eighth Judicial District Court of the State of Nevada, Clark County, and plaintiff alleges such Court has proper jurisdiction over the claims presented herein.

4. Subsequent to its commencement, this case was removed to this Court and plaintiff denies that this Court has proper jurisdiction over this case and does not concede such jurisdiction is proper by filing this Amended Complaint. Plaintiff concedes that if this Court has proper jurisdiction over this case it is properly venued in this Court.

5. The acts complained of herein took place in Nevada, and primarily in Clark County.

THE PROPOSED CLASS CLAIMS AND PARTIES

6. There are numerous persons who are similarly situated to the named plaintiff in respect to the named plaintiff's claims in that such similarly situated persons, like the named plaintiff, performed substantial work, labor and services for the defendant and did not receive the compensation required by the various Nevada Statutes alleged herein, and/or failed to receive the compensation required by their contracts of employment and as detailed hereafter such circumstances warrant the granting of class certification on such claims of the plaintiff pursuant to N.R.C.P. Rule 23.

7. That the persons similarly situated to the named plaintiff and described in paragraph 6 constitute a class of persons that are so numerous that joinder of all such persons individually is

impractical, such class consisting of all hourly wage earners of the defendant who were injured by the defendant's violations of Nevada's statutes, and defendant's breach of contract, that are detailed herein.

8.  There are questions of law and fact common to the plaintiff class that predominates over any questions affecting only individual members of the plaintiff class, specifically whether the defendant has any legal obligation to the class members under Nevada Law and if so what is the extent of such obligation.

9.  The claims of the named plaintiff are typical of the claims of the above described plaintiff class, in that the interests of the named plaintiff are co-extensive with the interests of the other members of the plaintiff class, there is a lack of adverse interests between the named plaintiff and the other members of the plaintiff class, and common questions of law and fact exist as to the claims of the named plaintiff and the claims of the members of the plaintiff class.

10. The named plaintiff will fairly and adequately protect the interests of the plaintiff class and serve as an adequate representative plaintiff on behalf of the plaintiff class.

11. A class action pursuant to N.R.C.P. Rule 23 is superior to other available methods for the fair and efficient adjudication of the plaintiff class members' claims.

AS AND FOR A FIRST CLAIM FOR RELIEF ON
BEHALF OF PLAINTIFF GARETH PITTS AND
ALL PERSONS SIMILARLY SITUATED
PURSUANT TO NEVADA'S LABOR LAW

12.  Plaintiff repeats and reiterates each and every allegation previously made herein.

13.  The named plaintiff brings this First Claim for Relief against the defendant pursuant to NRS § 608.250, for non-payment of minimum wages, and NRS § 608.018, for non-payment of overtime wages on behalf of himself and the proposed plaintiff class members.

14.  Pursuant to NRS § 608.250 the plaintiff was entitled to an hourly minimum wage and pursuant to NRS § 608.018 plaintiffs were also entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages because they were denied any payment whatsoever for certain periods of time that they worked for the defendant and/or because they were not paid overtime wages calculated in compliance with the requirements of the Nevada law.

15.  The defendant's actions in violating NRS § 608.250 and NRS § 608.018 were deliberate and repeated, the defendant having in the last five years been subjected to litigation over exactly such practices and despite such litigation and defendant's awareness of the illegality of such practices defendant has willfully continued such practices; defendant will continue to engage in such practices irrespective of an award of damages to the plaintiff class as the defendant profits greatly by such violations of law even after being required to pay damages for such violations of law in repeated litigations; and as a result of such circumstances an award of

damages to the plaintiff class would be insufficient relief and the plaintiff class to protect themselves from the ongoing and continuing injury they will otherwise sustain from the defendant's conduct should receive suitable equitable relief, in the form of a preliminary and permanent injunction, the appointment of a limited receiver or Court supervised monitor, and such other appropriate measures of equitable relief as are necessary to insure defendant complies with such statutes.

16.  The named plaintiff on behalf of himself and the proposed plaintiff class members, seeks, on this First Claim for Relief, a judgment against defendant for minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiff, and also seeks an award of attorney's fees, interest and costs, and suitable equitable relief, as provided for by Nevada Law.

AS AND FOR A SECOND CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF GARETH PITTS
AND ALL PERSONS SIMILARLY SITUATED
UNDER NEVADA LAW FOR BREACH OF
CONTRACT

17.  Plaintiff repeats and reiterates each and every allegation previously made herein.

18.  The named plaintiff brings this second claim for relief for breach of contract under Nevada law on behalf of himself and the alleged class of similarly situated persons.

19.  The named plaintiff entered into an agreement and/or contract with defendant whereby plaintiff agreed to perform certain services for defendant and defendant agreed to pay plaintiff $8.00 for each full hour and a pro rata fractional amount of $8.00 for

5

1 | each partial hour that he worked.

2 |     20.  The contract entered into between the plaintiff and the
3 | defendant detailed in paragraph 19 was the same form of contract
4 | entered into by all of the class members with the defendant, except
5 | that, upon information and belief, the hourly rate promised by the
6 | defendant to some of the class members was not $8.00 an hour but
7 | some other amount, but all of such contracts were for payment of
8 | wages based upon an hourly amount for full hours worked and a pro
9 | rata fraction of the same such hourly amount for each partial hour
10 | worked.

11 |     21.  The defendant breached its contract with the plaintiff by
12 | failing to pay the plaintiff $8.00 for every full hour worked and/or
13 | a pro rata fractional amount of $8.00 for each partial hour that he
14 | worked, as defendant had promised under the parties' contract, as
15 | the plaintiff worked certain hours or fractions of hours for which
16 | he was paid nothing whatsoever by defendant.

17 |     22.  The defendant also breached its contracts with the members
18 | of the similarly situated class in the same fashion as is alleged in
19 | paragraph 21 in respect to the named plaintiff, although some of
20 | those members of the similarly situated class were promised under
21 | their contracts with the defendant an hourly rate that was not
22 | $8.00, in that such similarly situated class members worked certain
23 | hours and/or fractions of hours for which they were paid nothing
24 | whatsoever by defendant.

25 |     23.  The defendant's actions in breaching its contracts with
26 | the plaintiff and the class members were deliberate and repeated,
27 | the defendant having in the last five years been subjected to
28 | litigation over exactly such practices and despite such litigation

and defendant's awareness of the illegality of such practices defendant has willfully continued such practices; defendant will continue to engage in such practices irrespective of an award of damages to the plaintiff class as the defendant profits greatly by such breaches of contract even after being required to pay damages for such breaches in repeated litigations; and as a result of such circumstances an award of damages to the plaintiff class would be insufficient relief and the plaintiff class to protect themselves from the ongoing and continuing injury they will otherwise sustain from the defendant's conduct should receive suitable equitable relief, in the form of a preliminary and permanent injunction, the appointment of a limited receiver or Court supervised monitor, and such other appropriate measures of equitable relief as are necessary to insure defendant complies with its contracts with the plaintiff and the class members.

24. The named plaintiff on behalf of himself and the proposed plaintiff class members, seeks, on this Second Claim for Relief, a judgment against defendant for the unpaid wages owed to the named plaintiff and the plaintiff class members as a result of the defendant's breach of its contracts with the named plaintiff and the plaintiff class members, and also seeks an award of attorney's fees, interest and costs, as provided for by Nevada Law.

WHEREFORE, plaintiff demands the relief on each cause of action as alleged aforesaid, together with costs, interest, equitable relief, attorney's fees and such other relief as the Court deems just.

1    Plaintiffs demand a trial by jury on all issues so triable.

2  Dated this 11th day of August, 2011.

3

4                              Leon Greenberg Professional Corporation

5
                                        /s/
6                              By:_____
                               LEON GREENBERG, Esq.
7                              Nevada Bar No.: 8094
                               2965 South Jones Boulevard - Suite E-4
8                              Las Vegas, Nevada 89146
                               (702) 383-6085
9                              Attorney for Plaintiff