**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GARETH PITTS, Individually and on behalf of others similarly situated,

    Plaintiffs,

v.

TERRIBLE HERBST, INC.,

    Defendant.

2:09-CV-940-RCJ-RJJ

**ORDER**

Currently before the Court are a Motion to Remand Case to State Court (#65) and a Motion to Dismiss Plaintiff's Second Cause of Action for Breach of Contract (#68). The Court heard oral argument on December 2, 2011.

**BACKGROUND**

In April 2009, Plaintiff Gareth Pitts filed a class action complaint against his employer, Defendant Terrible Herbst, Inc., in the Eighth Judicial District in Clark County, Nevada. (Compl. (#1) at 10). The complaint alleged that Terrible had failed to pay Pitts and other similarly-situated employees overtime and minimum wages and listed three causes of action: (1) a collective action under 29 U.S.C. § 216(b) for violations of the Fair Labor Standards Act ("FLSA") (Count 1); (2) a class action for violations of Nevada labor laws (Count 2); and (3) a class action for breach of contract (Count 3). (*Id.* at 13-16). In May 2009, Terrible removed the case to federal court. (Pet. for Removal (#1)). Thereafter, this Court dismissed the complaint with prejudice for lack of jurisdiction after Terrible made an offer of judgment pursuant to Federal Rule of Civil Procedure 68 and after finding that Pitts had failed to timely seek class certification. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1085 (9th Cir. 2011).

1  Pitts appealed all dispositive rulings of this Court. *Id.* at 1086.

2  On appeal, the Ninth Circuit found, *inter alia*, that this Court abused its discretion in finding that Pitts could no longer file a timely motion of class certification and erred in refusing to allow Pitts to abandon his FLSA claims. *Id.* at 1096. With respect to the FLSA claims that Pitts sought to abandon, the Ninth Circuit found that:

> In its ruling, the district court acknowledged that Pitts sought to abandon his FLSA claims and pursue only his Rule 23 class action, but refused to allow him to do so. The court explained that Pitts failed to amend his complaint to reflect that he was waiving his FLSA claims and accused Pitts of forum shopping: "[S]o long as there is no FLSA claim, the jurisdictional anchor to this removed action is lost. It is then in the discretion of the Court under [28 U.S.C.] § 1367 whether it is appropriate to retain the ancillary jurisdiction it properly has over Plaintiff's state law claims, despite the fact that the federal claims are no longer in the suit."

*Id.* at 1085-86. The Ninth Circuit held that this Court's reasons for refusing to allow Pitts to relinquish his FLSA claims were unjustified. *Id.* at 1094. The Ninth Circuit held the following:

> First, a litigant may abandon a claim by communicating his desire to do so to the district court. Pitts did so in a written response to a motion to dismiss; he did not need to further amend his complaint. Second, a plaintiff may voluntarily abandon a claim even though his decision may affect the jurisdiction of a federal court; after all, the claim he abandons—once dismissed with prejudice—is the price he pays. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (stating that the concern "that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case ... hardly justifies a categorical prohibition on the remand of cases involving state-law claims"); *cf. Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir. 1990) (holding that the district court did not abuse its discretion in granting the plaintiff's motion for voluntary dismissal where, after dismissal, the defendant faced the prospect of a trial in state court). And in any event, the district court retains discretion under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over state law claims even after the federal claims, which provided the original jurisdictional anchor, are dismissed. *See Cohill, 484 U.S. at 357, 108 S.Ct. 614* (holding that a district court may take the plaintiff's forum manipulation into account when determining whether to remand a case involving pendent state-law claims); *cf. Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The fact that [the plaintiff] may have later sought dismissal of his federal claims does not divest the district court of its power to exercise supplemental jurisdiction unless those claims were absolutely devoid of merit or obviously frivolous.").

*Id.*

Upon remand, Pitts filed his First Amended Complaint and eliminated his FLSA claim. (Amended Compl. (#64)). The complaint alleged causes of action for (1) violations of

Nevada's labor law, NRS Chapter 608, and (2) breach of contract under Nevada law. (*Id.* at 4-5).

The pending motions now follow.

**DISCUSSION**

**I.     Motion to Remand (#65)**

Plaintiff files a motion to remand back to state court because his amended complaint contains no federal claims. (Mot. to Remand (#65) at 1). Plaintiff asserts that he did not engage in forum manipulation and, thus, the Court should remand. (*Id.* at 3). Plaintiff also argues that economy, convenience, fairness, and comity weigh in favor of remand. (*Id.* at 6).

In response, Defendant argues that the Court should retain jurisdiction because Plaintiff engaged in forum manipulation. (Opp'n to Mot. to Remand (#79) at 1). Defendant argues that Plaintiff is seeking to avoid having this Court rule on pending and future issues in this matter. (*Id.* at 3). Defendant argues that judicial economy and convenience weigh in favor of federal court because the case has been heavily litigated. (*Id.* at 6).

In reply, Plaintiff argues that he promptly sought remand after the only federal claim in the case, his own individual claim, was resolved. (Reply to Mot. to Remand (# 81) at 3).

A federal district court has supplemental jurisdiction over all claims that are related to claims in an action that the district court has original jurisdiction over. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

In this case, the Court declines to exercise supplemental jurisdiction and remands the case to state court. Retaining jurisdiction of the two remaining state law claims would not serve economy or convenience of this Court because this Court would be starting anew based on the reversal of its prior decision. Additionally, in light of the Ninth Circuit's opinion, this Court finds that Plaintiff did not engage in forum shopping through his oral request to abandon

his FLSA claim. Moreover, comity favors the adjudication of state law claims in a state tribunal. Accordingly, the Court grants the motion to remand back to state court (#65).

**II.      Motion to Dismiss Plaintiff's Second Cause of Action for Breach of Contract (#68)**

Defendant files a motion to dismiss Plaintiff's second cause of action for breach of contract. (Mot. to Dismiss (#68)). Plaintiff filed a response and Defendant filed a reply. (Opp'n to Mot. to Dismiss (#78); Reply to Mot. to Dismiss (#80)).

This Court denies the Motion to Dismiss (#68) as moot for lack of supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Remand (#65) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (#68) is DENIED as moot for lack of jurisdiction.

DATED: This _7th_ day of December, 2011.

_____
United States District Judge

4